UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE HOSPITAL AUTHORTIY OF ) <br> METROPOLITAN GOVERNMENT OF ) <br> NASHVILLE AND DAVIDSON ) <br> COUNTY, TENNESSEE, d/b/a ) <br> NASHVILLE GENERAL HOSPITAL ) <br> and AMERICAN FEDERATION OF ) <br> STATE, COUNTY AND MUNICPAL ) <br> EMPLOYEES DISTRICT COUNCIL 37 ) <br> HEALTH & SECURITY PLAN, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MOMENTA PHARMACEUTICALS, ) <br> INC. and SANDOZ INC., ) <br> ) <br>     Defendants. ) | No. 3:15-cv-01100 |

## MEMORANDUM OPINION

Pending before the Court is Momenta Pharmaceuticals, Inc. ("Momenta") and Sandoz Inc.'s ("Sandoz") (collectively "Defendants") Motion to Stay Proceedings or in the Alternative to Stay Class Notice (Doc. No. 441). Nashville General Hospital ("NGH") and American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan ("DC 37") (collectively "Plaintiffs") have responded in opposition (Doc. No. 459), and Defendants have replied (Doc. No. 461). For the reasons stated below, the Court will deny Defendants' motion.

I.     BACKGROUND

This case is currently scheduled for trial on January 7, 2020. On September 20, 2019, the Court entered a Memorandum Opinion granting Plaintiffs' Renewed Motion for Class

Certification and Appointment of Class Counsel.[1] (Doc. Nos. 426, 427.) After carefully considering "no fewer than seven briefs regarding class certification, one aborted evidentiary hearing, amendment of the class definition, and one full evidentiary hearing" on July 12, 2019, the Court concluded that "Plaintiffs have carried their burden in establishing that their proposed class should be certified under Rule 23(a)(1) and (b)(3) under the Federal Rules of Civil Procedure." (Doc. No. 426 at 1-2, 36.)

On October 2, 2019, Defendants petitioned the United States Court of Appeals for the Sixth Circuit for permission to appeal the Court's class certification order pursuant to Federal Rule of Civil Procedure 23(f). (Doc. No. 442-1.) Concurrently with their Rule 23(f) petition, Defendants also filed in this Court a Motion to Stay Proceedings or in the Alternative to Stay Class Notice until the Sixth Circuit rules on their Rule 23(f) petition or, if granted, resolves their appeal. (Doc. No. 441.)

II.  LEGAL STANDARD

"A stay is an intrusion into the ordinary processes of administration and judicial review." Dodds v. United States Dep't of Educ., 845 F.3d 217, 220 (6th Cir. 2016) (quoting Nken v. Holder, 556 U.S. 418, 435 (2009)). "A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken, 556 U.S. at 433-34 (internal citations, quotation marks, and brackets omitted). "A motion to a court's discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided

---

[1] The Court assumes familiarity with the factual and procedural background underlying its decision on the motion for class certification (See Doc. No. 426 at 2-7.)

by sound legal principles." Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005) (citation and brackets omitted).

In deciding whether to grant a stay, the Court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken, 556 U.S. at 434 (citation and internal quotation marks omitted). Although these four factors are "interrelated considerations that must be balanced together," Serv. Emp. Int'l Union Local 1 v. Husted, 698 F.3d 341, 343 (6th Cir. 2012) (citation and internal quotation marks omitted), "[t]he first two factors of the traditional standard are the most critical." Nken at 434.

## III. DISCUSSION

Defendants have moved to stay all proceedings, or in the alternative to stay issuance of class notice pending the resolution of their Rule 23(f) petition. Because both of Defendants' requests require the Court to balance the four traditional stay factors, the Court will discuss both requests in tandem, noting any differences in the analysis where appropriate. In any event, Defendants have not shown that the four factors weigh in favor of staying all proceedings or class notice in this case.

First, Defendants have not demonstrated a strong likelihood of success on the merits. If the Sixth Circuit even hears Defendants' appeal, "an order granting class certification 'is subject to a very limited review and will be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion.'" Lyngaas v. Curaden AG, No. 17-cv-10910, 2019 WL 2635966, at *2 (E.D. Mich. June 27, 2019) (quoting Olden v. LaFarge Corp., 383 F.3d 495, 507 (6th Cir. 2004)); see also In re Delta Air Lines, 310 F.3d 953, 960 (6th Cir. 2002) ("Rule 23(f) appeals will be the exception, not the norm."). To find abuse of discretion requires a "definite and

3

firm conviction that the district court committed a clear error of judgment." In re Whirlpool Corp. Front-Loading Washer Prods. Liability Litig., 722 F.3d 838, 850 (6th Cir. 2013) (citation and internal quotation marks omitted).

Contrary to Defendants' arguments on this prong, the Court properly undertook a "rigorous analysis" to ensure Rule 23's requirements were satisfied in this case. The Court reviewed and applied controlling precedent and weighed the evidence before it, discussing the parties' arguments, the nature and credibility of their conflicting expert reports and testimony, and their documents and materials in support, and concluded that Plaintiffs carried their burden in establishing that their proposed class should be certified under Rule 23. Defendants' motion merely reflects their disagreement with the Court's conclusion and their attempt to relitigate issues the Court already exhaustively considered. Compare (Doc. No. 442 at 3) (claiming that the Court wrongly accepted "Dr. Lamb's untested hypotheses" and certified a class "includ[ing] uninjured class members"), with (Doc. No. 361 at 21) (arguing that "the proposed class includes insurers who, according to Dr. Lamb's untested assumption, are uninjured in hospital transactions"). Because Defendants have not established a strong likelihood of success on the merits of their appeal, this factor weighs against a stay.

Second, Defendants have not established irreparable injury absent a stay. Defendants argue that, without a stay of all proceedings, they will have to "spend significant time and resources preparing for the trial of a class that is likely to be decertified," and without a stay of class notice, they will have to "expend substantial time and resources re-negotiating an agreed-upon form of notice and reaching agreement on the logistics of disseminating notice." (Doc. No. 442 at 4, 8.) In response, Plaintiffs cite numerous opinions from this Circuit holding that "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a

stay, are not enough." E.g., ProCraft Cabinetry, Inc. v. Sweet Home Kitchen and Bath, Inc., 343 F. Supp. 3d 734, 739 (M.D. Tenn. 2018) (quoting Sampson v. Murray, 415 U.S. 61, 90 (1974)).

As the parties suggest, (Doc. No. 442 at 4-5; Doc. No. 459 at 5-8), courts appear split over whether litigation costs alone establish irreparable harm in this procedural posture. Compare e.g., Tipton v. CSX Transp., Inc., No. 3:15-cv-311-TAV-CCS, 2017 WL 4583248, at *6 (E.D. Tenn. Oct. 13, 2017) ("[a] showing of irreparable harm requires more than a reference to litigation costs associated with continued district court proceedings, [because] . . . the same factors are present in most (if not all) cases concerning class certification") (citation and internal quotation marks omitted), with Wilcox v. Lloyds TSB Bank, PLC, No. 13-00508 ACK-RLP, 2016 WL 917893, at *6 (D. Haw. Mar. 7, 2016) ("In the Rule 23(f) context, courts have found irreparable injury where failure to issue a stay would result in substantial time and resources being spent on the litigation.") (citation and internal quotation marks omitted). "In almost any case with a pending interlocutory appeal, denying a stay and continuing with district court proceedings will present a risk of additional unrecoverable litigation costs; nevertheless, courts do not grant stays as a matter of course in the Rule 23(f) context." Huffman v. Prudential Ins. Co. of Am., No. 2:10-cv-05135, 2018 WL 1281901, at *2 n.4 (E.D. Pa. Mar. 12, 2018). Thus, the Court is more inclined to follow other district courts in the Sixth Circuit and find that irreparable injury cannot be based on costs alone. See, e.g., Tipton, 2017 WL 4583248, at *6; ProCraft Cabinetry, 343 F. Supp. at 739.

Defendants further argue that premature dissemination of class notice would irreparably harm their goodwill and reputation. However, "[i]t is unclear what confusion might result from class members receiving a corrective notice regarding class certification." Lyngaas, 2019 WL 2635966, at *2. "Class members would initially receive a notice informing them that they are part of a class action unless they decide to opt out; should the Sixth Circuit decertify the class, the class

5

member would later be told that he or she is no longer part of a class action." Id.; see also Rosen v. J.M. Auto Inc., No. 07-61234-CIV, 2009 WL 7113827, at *2 (S.D. Fla. May 20, 2009). As in Lyngaas, the Court sees no reason to assume that the class members, many of whom are sophisticated hospitals and insurance providers, are incapable of understanding any corrective notice sent to them. Accordingly, any alleged harm to Defendants' goodwill is not irreparable.

In their reply brief, Defendants also contend that allowing Plaintiffs "to plow ahead with class notice and trial would effectively strip away Defendants' statutory right to pursue an appeal under Rule 23(f)." (Doc. No. 461 at 1.) The Court is not persuaded by this point. Defendants "face[] the same risk every defendant to a class action faces and the same risk each class plaintiff faces. Were these concerns enough to signal the death knell of a defendant's case, stays would become automatic." Griffiths v. Ohio Farmers Ins. Co., No. 1:09-cv-1011, 2010 WL 2774446, at *2 (N.D. Ohio July 12, 2010). In sum, this factor weighs against a stay because proceeding with trial and class notice will not irreparably harm Defendants.

Third, Defendants have not established that the potential harm to Plaintiffs weighs in favor of granting a stay. Defendants "bear the burden of proving the *absence* of harm to other affected parties, and there is also no threshold requirement of irreparability—mere 'substantial harm' will suffice." Tipton, 2017 WL 4583248, at *6 (emphasis added) (citations omitted). Here, any further delay substantially harms Plaintiffs, especially considering their claims have been pending for over four years now. Johnson v. Geico Cas. Co., 269 F.R.D. 406, 413 (D. Del. 2010) (finding that stay would substantially prejudice plaintiffs whose case had been pending for four years). Moreover, trial is set to begin in less than three months, and even if the Sixth Circuit were to promptly resolve Defendants' appeal, a stay at this juncture would inevitably postpone the trial by several months or possibly over a year. Griffiths, 2010 WL 2774446, at *3 ("Delaying . . . the start of a trial can

6

harm the non-moving party, especially when it is unclear if and when appellate review will be granted.") Because a stay would cause Plaintiffs substantial harm, this factor weighs against granting a stay.

Finally, Defendants have not convinced the Court that the public interest weighs in favor of a stay, it is at best neutral. On one hand, "[e]specially in a case that has been pending for more than two years, the public interest strongly demands as prompt and efficient a resolution of the controversy as possible." Tipton, 2017 WL 4583248, at *7; see also In re Plastics Additives Antitrust Litig., No. Civ. A. 03-2038, 2004 WL 2743591, at *8 (E.D. Pa. 2004) ("The public's interest in vigorously enforcing national anti-trust laws through the expeditious resolution of a private antitrust litigation is particularly great."). On the other hand, "the public interest really is rooted in the *proper* resolution of the important issues raised in this case," which could benefit from a ruling on Defendants' appeal. In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. 1, at *6 (D.D.C. 2002) (emphasis in original).

The public interest factor is similarly unhelpful when it comes to Defendants' request to stay class notice. Defendants argue that "[i]n cases involving Rule 23(f) appeals, district courts *ordinarily* should stay the dissemination of class notice to avoid the confusion and substantial expense of renotification that may result from appellate reversal or modification." Jenkins v. Hyundi Motor Fin. Co., No. C2-04-720, 2008 WL 2268319, at *4 (S.D. Ohio June 2, 2008) (emphasis added) (citation omitted). But as previously discussed in the context of alleged harm to Defendants' goodwill, "[i]t is unclear what confusion might result from class members receiving a corrective notice regarding class certification." Lyngaas, 2019 WL 2635966, at *2. Accordingly, the public interest factor neither weighs in favor of or against granting a stay.

On balance, and giving more weight to the "critical" first two factors, Nken, 556 U.S. at 434, the Court finds that Defendants failed to meet their burden of showing that these circumstances justify a stay of proceedings or class notice pending Defendants' potential Rule 23(f) appeal.

IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Proceedings or in the Alternative to Stay Class Notice (Doc. No. 441) will be denied. The Clerk of Court will be directed to forward a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit in connection with Court of Appeals Case Number 19-512.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE