UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THE HOSPITAL AUTHORTIY OF METOPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, d/b/a NASHVILLE GENERAL HOSPITAL and AMERICAN FEDERATION OF STATE, COUNTY AND MUNICPAL EMPLOYEES DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | NO. 3:15-cv-01100 |
| v. | ) ) | |
| MOMENTA PHARMACEUTICALS, INC. and SANDOZ INC., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT

Nashville General Hospital ("NGH") and American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan ("DC 37") (collectively "Plaintiffs") have filed an Unopposed Motion to Direct Notice to the Class Regarding Settlement (Doc. No. 486). Plaintiffs, on behalf of themselves and of the class certified by this Court on September 20, 2019, as amended on October 22, 2019 (the "Class") (Doc. Nos. 427, 464), represent that they have reached an agreement with Momenta Pharmaceuticals, Inc. ("Momenta") and Sandoz Inc.'s ("Sandoz") (collectively "Defendants") to resolve the Class's claims—subject to Court approval following notice to the Class and a hearing—and to settle the above-captioned matter (the "Action") upon the terms set forth in the Momenta Settlement (Doc. No. 486-2 at 10-42) and the Sandoz Settlement (Doc. No. 486-2 at 44-74) (collectively "Settlement Agreements").

As part of their Motion, Plaintiffs have also applied for an order to direct notice to the Class in connection with the proposed Settlement Agreements pursuant to Federal Rule of Civil Procedure 23(e)(1).

Having reviewed and considered the Settlement Agreements entered into among the parties, the record in this case, the briefs and their supporting exhibits and declarations, and the arguments of counsel, the Court orders as follows:

1. This Order incorporates by reference the definitions of terms contained in the Settlement Agreements, unless otherwise defined herein.

2. On September 20, 2019, and as amended on October 22, 2019, the Court certified a Class pursuant to Rules 23(a) and (b)(3) consisting of:

> Hospitals, third-party payors, and people without insurance who indirectly purchased, paid for, and/or reimbursed some or all of the purchase price for, generic enoxaparin or Lovenox®, in Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, from September 21, 2011, through September 30, 2015 (the "Damages Class Period"), for the purpose of personal consumption by themselves, their families, or their members, employees, insureds, participants, patients, beneficiaries or anyone else.
>
> With respect to third-party payors and people without insurance, the Damages Class only includes those, described above, who purchased, paid for, and/or reimbursed some or all of the purchase price for, generic enoxaparin or Lovenox® from a pharmacy.
>
> Excluded from the Damages class are:
>
> a. Defendants, their officers, directors, management, employees, subsidiaries, and affiliates;
>
> b. Federal and state governmental agencies except for cities, towns, municipalities, counties or other municipal government entities, if otherwise qualified;

  c. Payors that received 100% reimbursement on all transactions, such as fully insured health plans (i.e., plans that purchased insurance covering 100% of their reimbursement obligation to members);

  d. Third-party payors and people without insurance who purchased, or paid or reimbursed only for branded Lovenox®, and not generic enoxaparin, from a pharmacy or other retail outlet; and

  e. Judges assigned to this case and any members of their immediate families.

  3. The proposed Settlement Agreements executed by the parties are preliminarily approved as fair, reasonable, and adequate under Rule 23(e)(2), subject to a hearing as provided herein for final approval. Specifically, Plaintiffs presented sufficient information to conclude that:

  a. The class representatives and counsel have adequately represented the interests of the Class.

  b. The Settlement Agreements arise out of arm's-length, informed, and non-collusive negotiations between counsel for Plaintiffs and Defendants.

  c. The Settlement Agreements create a non-reversionary, all-cash settlement fund of $120 million. The relief provided for the Class is adequate, considering: (i) the costs, risks, and delay of trial and appeal, particularly in light of the complex nature of Plaintiffs' case; (ii) the effectiveness and straightforwardness of the proposed claims process; (iii) the reasonableness of the anticipated request for an award of attorneys' fees and costs and service awards for the class representatives; and (iv) the only agreements identified under Rule 23(e)(3) consist of escrow agreements and supplemental agreements that set forth confidential terms of termination in the event exclusions reach a certain threshold, and these agreements may appropriately be kept confidential and not filed on the public docket.

  d. The proposed plan of distribution treats Class Members equitably relative to each other. It divides the settlement among four categories of purchases (Retail-Brand, Retail-

Generic, Non-Retail-Brand, and Non-Retail-Generic) based on each category's share of classwide damages as calculated by the Plaintiffs' expert, Dr. Russell Lamb. Eligible claimants will be paid proportionally based on net dollar value of qualifying purchases in each category. This Court is therefore likely to find Plaintiffs' proposed distribution plan fair, reasonable, and adequate.

4. Having found that the Settlement Agreements are preliminarily approved under Rule 23(e)(2), the Court directs Plaintiffs to give notice of the proposed Settlement Agreements to the Class.

    a. The Court approves as to form and content the proposed long-form notice (Doc. No. 486-3 at 60-65) and short-form notice (Doc. No. 486-3 at 57-58) (collectively "Notice Plan").

    b. Class Counsel may make non-substantive changes, as appropriate, for purposes of effective dissemination to Class Members (e.g., via email notice, press release, or other media).

    c. The Court further finds that the proposed plan of notice, and the proposed contents of these notices, meet the requirements of Rule 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5. The Court appoints the firm A.B. Data, Ltd. ("A.B. Data") as the Notice and Claims Administrator. Plaintiffs and their designees, including the Notice and Claims Administrator, are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the Settlement Agreements.

    a. The Court directs the Notice and Claims Administrator to supervise and administer the notice procedure as well as the processing of claims substantially in the manner

4

described in the Declaration of Linda V. Young (Doc. No. 486-3) and attached Notice Plan and according to the schedule more fully set forth below.

      b.    The Notice and Claims Administrator shall maintain a website and toll-free phone number as described in the Notice Plan. The website shall make available to Class Members detailed information regarding the Settlements, including links to claims forms, answers to frequently asked questions, important case documents, and contact information for both Class Counsel and the Notice and Claims Administrator. The Notice and Claims Administrator shall cause the full versions of the Settlement Agreements and this Order Directing Notice to the Class to be published on the website.

      c.    The Notice and Claims Administrator shall also: (1) Request from any entity or individual that timely and validly excluded itself from the Class identification of any other entity or plan that the validly excluded entity seeks to exclude in addition to itself, and for entities that purport to exclude others for which their authority to do so is not readily apparent—including but not limited to insurers purporting to exclude employer plans for which the insurer provides administrative services—documentation and declarations supporting any purported claim to have authority to opt-out other entities; and (2) Submit a report and recommendation ("Exclusion Report and Recommendation") to the Court setting forth (i) its ability to validate the existence of such entities' authority to exclude other members from the Class, (ii) its findings as to the scope and market shares of any opt-outs for purposes of determining whether the threshold has been met for terminating the agreement pursuant to ¶ 30(d) of the Sandoz Settlement and ¶ 31(d) of the Momenta Settlement, and (iii) any other issues that may arise during its investigation.

5

6. Any member of the Class may enter an appearance in this litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

7. A hearing (the "Fairness Hearing") shall be held before this Court on **May 29, 2020, at 1:00 p.m.**, at the United States District Court for the Middle District of Tennessee, Nashville Division, 801 Broadway, Room A859, Nashville, Tennessee 37203, to hear objections and determine: (i) whether the proposed Settlement Agreements are fair, reasonable, and adequate under Rule 23(e)(2); (ii) whether the proposed distribution plan should be approved; (iii) whether final judgment should be entered herein; (iv) the amount of fees and expenses that should be awarded to Class Counsel; and (v) the amount of the service awards to the class representatives.

   a. The Court expressly reserves its right to adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and to approve the proposed Settlement Agreements and requests for approval of attorneys' fees and expenses at or after the originally scheduled Fairness Hearing.

   b. All Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement Agreements, whether favorable or unfavorable to the Class.

8. Any Class Member or interested person may appear at the Fairness Hearing to object to the distribution plan, any term of the Settlement Agreements, the proposed award of attorneys' fees and costs, or any request for service awards to Plaintiffs; provided, however, that they must do the following by March 16, 2020: (i) file with the Court a written statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including the case caption, case number, and any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (ii) serve copies of the

objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

>Clerk of the Court
>United States District Courthouse
>Middle District of Tennessee
>Nashville Division
>Estes Kefauver Federal Building & Courthouse
>801 Broadway
>Nashville, TN 37203
>
>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
>Brendan P. Glackin (bglackin@lchb.com)
>Katherine Lubin Benson (kbenson@lchb.com)
>275 Battery Street, 29th Floor
>San Francisco, CA 94111-3339
>Telephone: (415)-956-1000
>Facsimile: (415)-956-1008
>
>AXINN, VELTROP & HARKRIDER LLP
>Michael L. Keeley (mkeeley@axinn.com)
>Bradley Justus (bjustus@axinn.com)
>950 F St., NW
>Washington, DC 20004
>Telephone: (202) 912-4700
>Facsimile: (202) 912-4701
>
>ALSTON & BIRD LLP
>Teresa T. Bonder (teresa.bonder@alston.com)
>Matthew D. Kent (matthew.kent@alston.com)
>1201 W. Peachtree Street, NE
>Atlanta, GA 30309
>Telephone: (404) 881-7948
>Facsimile: (404) 253-8128

    a.    If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must comply with the Local Rules of the Court in all respects, including but not limited to serving a notice of appearance on

7

Case 3:15-cv-01100   Document 488   Filed 01/03/20   Page 7 of 10 PageID #: 26675

the attorneys listed above; notices of appearance must be filed with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing.

        b.      Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any Class Member or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

        c.      Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection. Any responses to discovery or depositions must be completed within ten (10) calendar days of the request being served on the objector.

        d.      Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than ten (10) calendar days before the Fairness Hearing.

9. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the settlement funds, shall be paid for as set forth in the Settlement Agreements.

10. All members of the Class are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed settlements, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the Settlement Agreements.

11. The parties shall adhere to and apply the following schedule:

8

Case 3:15-cv-01100   Document 488   Filed 01/03/20   Page 8 of 10 PageID #: 26676

| Event | Deadline |
|---|---|
| Activation of website and toll-free number; Mailing of Short-Form Notice to third-party payors and hospitals; Initiate media and print publication notice | **January 24, 2020** |
| Complete media and print publication notice | **February 3, 2020** |
| Motion for attorneys' fees, costs, and service awards (oppositions and replies, if any, per local rules) | **March 2, 2020** |
| Deadline for objections | **March 16, 2020** |
| Motion for final approval, attaching final exclusion list and the Notice and Claims Administrator's Exclusion Report and Recommendation (oppositions and replies, if any, per local rules) | **April 24, 2020** |
| Deadline for submission of notices of intent to appear at the Fairness Hearing | **May 15, 2020** |
| Responses to objections, if any | **May 19, 2020** |
| Fairness Hearing (at least 120 days from this order) | **May 29, 2020** |
| Postmark date for members of the Class to submit claims and any required supporting material | **July 3, 2020** |

12.     The Court retains authority to modify any of the dates in this Order for good cause shown or in its own discretion.

13.     Neither this Order nor the Settlement Agreements, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be construed as an admission or concession by Plaintiffs or Defendants of any of the allegations in the lawsuit, or of any liability, fault or wrongdoing of any kind. If the Settlement Agreements are not approved or consummated for any reason whatsoever, the Settlement Agreements and all proceedings had in conjunction therewith shall be without prejudice to the *status quo ante* rights of the parties to this Action. In that event, this Order shall be vacated, and all of the *status quo ante* rights of the

parties shall be restored including, but not limited to, Defendants' rights to object to the merits of

Plaintiffs' claims on any grounds.

      IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE