UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE HOSPITAL AUTHORTIY OF METOPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, d/b/a NASHVILLE GENERAL HOSPITAL and AMERICAN FEDERATION OF STATE, COUNTY AND MUNICPAL EMPLOYEES DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> MOMENTA PHARMACEUTICALS, INC. and SANDOZ INC., <br><br> Defendants. | No. 3:15-cv-01100 |

**FINAL JUDGMENT REGARDING CLASS SETTLEMENT WITH DEFENDANT SANDOZ INC.**

Based upon the record before the Court and agreement of the parties, the Court finds as follows:

1. All defined terms contained herein, unless otherwise defined, shall have the same meanings as set forth in the Sandoz Settlement (Doc. No. 486-2 at 44–74).

2. All Class Members are bound by the Sandoz Settlement, the release contained therein, and this Final Judgment, regardless of whether such Class Members seek or obtain any distribution from the Settlement Fund.

3. The Releasees are forever discharged and released from all Released Claims.

4. The Court dismisses on the merits and with prejudice the claims in the Action asserted against Sandoz Inc., with each party to bear their own costs and attorneys' fees, except as

provided in the separately issued Order (Doc. No. 520) on Plaintiffs' Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards, and except as provided in the Sandoz Settlement.

5. Without affecting the finality of the Judgment in any way, the Court retains continuing jurisdiction over: (a) implementation of the Sandoz Settlement and distribution to Class Members; (b) disposition of the Settlement Fund; (c) the Action, until the Effective Date as defined by the Sandoz Settlement; (d) hearing and ruling on any matters related to the plan of allocation; and (e) the parties to the Sandoz Settlement for the purpose of enforcing and administering the Sandoz Settlement and the mutual releases contemplated by the Sandoz Settlement.

6. Plaintiffs, Class Members, and Defendant irrevocably submit to the exclusive jurisdiction of this Court for the resolution of any matter arising out of or relating to the Sandoz Settlement, the Order Granting Final Approval of Class Settlements, or this Judgment. All applications to the Court with respect to any aspect of the Sandoz Settlement, the Order Granting Final Approval of Class Settlements, or this Judgment shall be presented to and determined by Chief United States District Court Judge Waverly D. Crenshaw, Jr. for resolution, or, if he is not available, any other District Court Judge designated by the Court.

7. All Class Members are permanently barred and enjoined from instituting or continuing the prosecution of any action asserting Released Claims against Releasees.

8. In the event that the provisions of the Sandoz Settlement, the Order Granting Final Approval of Class Settlements, or this Judgment are asserted by Defendants or other Releasee as a ground for a defense, in whole or in part, to any claim or cause of action, or are otherwise raised as an objection in any other suit, action, or proceeding by a Class Member or Releasor, the Releasee shall be entitled to an immediate stay of that suit, action or proceeding until after this Court has

entered an order or judgment determining any issues relating to the defense or objections based on such provisions, and no further judicial review of such order or judgment is possible.

9. The terms and provisions of the Stipulated Protective Order (Doc. No. 99-2) entered by the Court on April 22, 2016 (Doc. No. 100), the Stipulated HIPAA Qualified Protective Order entered by the Court on October 15, 2018 (Doc. No. 242), and the stipulated Addendum to the Protective Orders entered by the Court on September 26, 2019 (Doc. No. 437) shall survive and continue in effect through and after the entry of this Judgment. Pursuant to Paragraph 34 of the Stipulated Protective Order (Doc. No. 99-2), the Court expressly retains jurisdiction to enforce the provisions of the Protective Order following the Final Resolution of the Litigation.

10. The Court finds under Federal Rule of Civil Procedure 54(b) that judgment should be entered and that there is no reason for delay. The Clerk is directed to enter this Judgment forthwith.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE