THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE HOSPITAL AUTHORTIY OF ) <br> METOPOLITAN GOVERNMENT OF ) <br> NASHVILLE AND DAVIDSON ) <br> COUNTY, TENNESSEE, d/b/a ) <br> NASHVILLE GENERAL HOSPITAL ) <br> and AMERICAN FEDERATION OF ) <br> STATE, COUNTY AND MUNICPAL ) <br> EMPLOYEES DISTRICT COUNCIL 37 ) <br> HEALTH & SECURITY PLAN, ) <br>         ) <br>    Plaintiffs, ) <br>         ) <br> v. ) <br>         ) <br> MOMENTA PHARMACEUTICALS, ) <br> INC. and SANDOZ INC., ) <br>         ) <br>    Defendants. ) | No. 3:15-cv-01100 |

**FINAL JUDGMENT REGARDING CLASS SETTLEMENT WITH DEFENDANT
<u>MOMENTA PHARMACEUTICALS, INC.</u>**

Based upon the agreement of the parties and the record before the Court, the Court rules as follows:

1. All defined terms contained herein, unless otherwise defined, shall have the same meanings as set forth in the Momenta Settlement (Doc. No. 486-2 at 10–42).

2. All Class Members are bound by the Momenta Settlement, the release contained therein, and this Final Judgment, regardless of whether such Class Members seek or obtain any distribution from the Settlement Fund.

3. The Releasees are forever discharged and released from all Released Claims.

4. The Court dismisses on the merits and with prejudice the claims in the Action asserted against Momenta Pharmaceuticals, Inc., with each party to bear their own costs and

attorneys' fees, except as provided in the separately-issued Order (Doc. No. 520) on Plaintiffs' Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards, and except as provided in the Momenta Settlement.

5. Without affecting the finality of the Judgment in any way, the Court retains continuing jurisdiction over: (a) implementation of the Momenta Settlement and distribution to Class Members; (b) disposition of the Settlement Fund; (c) the Action, until the Effective Date as defined by the Momenta Settlement; (d) hearing and ruling on any matters related to the plan of allocation; and (e) the parties to the Momenta Settlement for the purpose of enforcing and administering the Momenta Settlement and the mutual releases contemplated by the Momenta Settlement.

6. Plaintiffs, Class Members, and Defendant irrevocably submit to the exclusive jurisdiction of this Court for the resolution of any matter arising out of or relating to the Momenta Settlement, the Order Granting Final Approval of Class Settlements, or this Judgment. All applications to the Court with respect to any aspect of the Momenta Settlement, the Order Granting Final Approval of Class Settlements, or this Judgment shall be presented to and determined by Chief United States District Court Judge Waverly D. Crenshaw for resolution, or, if he is not available, any other District Court Judge designated by the Court.

7. All Class Members are permanently barred and enjoined from instituting or continuing the prosecution of any action asserting Released Claims against Releasees.

8. In the event that the provisions of the Momenta Settlement, the Order Granting Final Approval of Class Settlements, or this Judgment are asserted by Defendants or other Releasee as a ground for a defense, in whole or in part, to any claim or cause of action, or are otherwise raised as an objection in any other suit, action, or proceeding by a Class Member or Releasor, the

Releasee shall be entitled to an immediate stay of that suit, action or proceeding until after this Court has entered an order or judgment determining any issues relating to the defense or objections based on such provisions, and no further judicial review of such order or judgment is possible.

9. The terms and provisions of the Stipulated Protective Order (Doc. No. 99-2) entered by the Court on April 22, 2016 (Doc. No. 100), the Stipulated HIPAA Qualified Protective Order entered by the Court on October 15, 2018 (Doc. No. 242), and the stipulated Addendum to the Protective Orders entered by the Court on September 26, 2019 (Doc. No. 437) shall survive and continue in effect through and after the entry of this Judgment. Pursuant to Paragraph 34 of the Stipulated Protective Order (Doc. No. 99-2), the Court expressly retains jurisdiction to enforce the provisions of the Protective Order following the Final Resolution of the Litigation.

10. The Court finds under Federal Rule of Civil Procedure 54(b) that judgment should be entered and that there is no reason for delay. The Clerk is directed to enter this Judgment forthwith.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE